IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PLUMBERS LOCAL UNION NO. 5 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE OF THE UNITED STATES & CANADA, AFL-CIO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CONDITIONED AIR SYSTEMS, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. CBD-12-3481 |

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (Docket Item No. 17). The Court has reviewed Plaintiff's Motion, and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the following reasons, the Court hereby GRANTS Plaintiff's Motion for Summary Judgment.

### I. Background

Plaintiff labor unions have filed the instant Complaint in an effort to have this Court enforce two awards issued against Defendant as a result of a grievance and arbitration procedure arising from collective bargaining agreements ("CBAs"). Plaintiffs claim that Defendant has failed to pay wages, benefits and dues on behalf of its employees, for the months of February and March 2012.

1

The CBAs set forth three steps for resolution of disputes. Step two requires disputes such as the present one to be submitted to Joint Conference Boards ("JCBs"). The JCBs are empowered to issue "final and binding" decisions by way of a majority vote. In the event either JCB is not able to reach a decision, the matter is referred to an arbitrator for a final decision.

Plaintiffs' claims were heard by the JCBs and in both instances Plaintiffs obtained a favorable ruling. The awards were issued on July 24, 2012. Plaintiffs now move for summary judgment. Defendant opposes the motion and seeks to vacate the awards issued by the JCBs.

## II. Discussion

### A. Standard of Review

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. Anderson, 477 U.S. at 248-49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1986). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." Felty v. Grave-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex, 477 U.S. at 323-24). When ruling on a

motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

### B. Generally, the Non-Moving Party to a Motion for Summary Judgment is Entitled to Discovery.

The Court set a discovery deadline of July 5, 2013. On April 5, 2013, six weeks into the period for discovery, Plaintiffs filed the present motion. Upon the filing of the present motion, all discovery inexplicably ceased.

Defendant contends that it is disadvantaged by the filing of Plaintiffs' Motion for Summary Judgment. Defendant believes the filing of Plaintiffs' Motion "cut off Defendant's opportunity to continue discovery." Def.'s Opp'n 2. However, the Court issued no order staying discovery, nor has Defendant cited to any rule of procedure or local rule of this Court as authority. Here, the Court will treat Defendant's Opposition as an effort for clarification, and will not treat Defendant's failure to pursue discovery adversely.

Defendant rightly contends that the federal rules are slanted in favor of providing discovery to the non-moving party when necessary to promote fairness. As stated more fully,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Defendant has provided an affidavit and argument as to why more fulsome discovery is necessary. Yet, a close reading of the affidavit in support identifies only two areas in which Defendant claims that additional discovery would be helpful: 1) in order to

determine how much of an offset Defendant is entitled to receive due to alleged misconduct by workers; and, 2) the accurate amount of wages due to the union members. Def.'s Opp'n, Attach. 1, Putnam Aff. ¶¶ 14 and 23. In a clinical sense, the Court's analysis is limited to these two succinct areas. Nonetheless, the Court will again give Defendant the benefit of doubt and consider the totality of the issues at hand, particularly given the supplemental declaration filed with consent by Defendant's counsel. (Decl. of Denise M. Clark, ECF 28-1.)

Summary judgment is typically appropriate after at least an "adequate time for discovery" has lapsed. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Defendant contends that the period here is inadequate. Where the nonmoving party sets forth "specific, discoverable evidence that could enable" it to defeat the motion for summary judgment, the court should at least defer the motion to allow more discovery. Works v. Colvin, 12-1288, 2013 WL 1749532, at *1 (4th Cir. April 24, 2013). Moreover, "Rule 56(d) require[s] that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Id. at *5, (quoting Anderson v Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986) (internal quotation marks omitted). The issue is whether the evidence Defendant seeks will be of assistance in defeating Plaintiffs Motion.

In contrast to the affidavit, Defendant contends by way of argument that additional discovery is needed in order to

> ascertain the extent to which there are procedural irregularities . . ., when, where and the amount of time work was performed . . ., the amount of money Defendant may seek as an offset . . . , [the money] Plaintiffs have received . . .through various garnishments . . . . In addition, the disputed facts demonstrate a genuine issue regarding the value of Plaintiffs' claims, and whether the grievance procedures were properly followed.

Def.'s Opp'n 2.

Plaintiffs counter that all procedural attacks were raised or should have been raised with the JCBs, and are therefore waived here. Plaintiffs conclude that Defendant is not entitled to discovery. Additionally, Plaintiffs suggest that the garnishment proceeds were lawfully applied to contribution and wage deductions owed for work performed in 2009 and 2010, and are unrelated to the present concerns. Pls.' Reply 13, Spell Decl. ¶ 8.

Fundamental to Plaintiffs' position, is that the Court is being asked to order the enforcement of two awards issued by the JCBs. The Complaint does not seek resolutions on the merits of the disputes. The merits of the matters would reach many issues such as, the extent of work performed by various workers, the calculation of damages, and questions of offset. Plaintiffs note that for each factual contention, some circuits would require Defendant to identify whether such facts are available, why they could not be presented in Defendant's Opposition, the efforts taken by Defendant to obtain the necessary information, and how the discovery would enable Defendant to overcome Plaintiffs' Motion. See Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F. 3d 1086, 1096 (10th Cir. 2010). Here however, Plaintiffs suggest that these and other factual contentions are reserved to the process set before the JCBs. In order to determine whether the period of discovery should be extended, the Court must first determine the legitimacy of the dispute resolution process with the JCBs.

### C. The JCBs were Vested with Authority to Resolve the Present Disputes.

Defendant disputes neither the creation of CBAs reached between Plaintiffs and the Mechanical Contractors Association of Metropolitan Washington Inc., nor Defendant's agreement to be bound by the terms of the CBAs. Def.'s Opp'n, Statement of Material Facts in Dispute ("SOMF") ¶¶ 2, 3. Pursuant to the CBAs, the parties agreed that each dispute would be

5

addressed by way of the governing Grievance and Arbitration Procedure.[1] Each procedure requires the presentation of disputes to the applicable JCB, and if the JCB is unable to reach a decision by majority vote, then the matter will be referred to an umpire for arbitration. SOMF ¶¶ 5, 7.

While Defendant suggests that "final and binding" decisions by the JCBs are merely legal conclusions, the plain text of the CBAs make clear that the parties agreed to convey "final and binding" authority to the JCBs.[2] In the absence of a legally recognized infirmity, the parties are bound by the decisions reached by the JCBs. Long-standing case law from this Court makes clear that collective bargaining agreements and the types of grievance processes employed here, are binding and enforceable as arbitration awards. Local Union 24, Int'l Bhd. Of Elec. Workers v. Wm. C. Bloom & Co., 242 F. Supp. 421, 425 (D. Md. 1965). The Bloom decision considered a nearly identical process for resolving grievances. In fact, the claim in Bloom was filed under the identical statute, §301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, in order to enforce an award under a collective bargaining agreement. Id. at 422. Bloom pointed out that when parties choose a mechanism similar to the instant case, with the intent that any decisions would be final and binding, this Court will not second guess such determinations in the absence of extraordinary circumstances. Defendant makes no attempt to minimize the controlling effect of Bloom, nor can it, given that the decision is based in part upon Supreme Court precedent. General Drivers Local 89 v. Riss & Co., 372 U.S. 517 (1963). If the award is enforceable, it is "not open to the courts to reweigh the merits of the grievance." Id. at 519.

---

[1] Art. XI, Bldg. Constr. Agreement – Local Union No. 5; Supplemental Serv. Agreement – Local Union No. 5; Art. XII, Bldg. Constr. Agreement – Local Union No. 602; Art. XXVII, Supplemental Serv. Agreement – Local Union No. 602

[2] Art. XI, Bldg. Constr. Agreement – Local Union No. 5, ¶ 61; Art. XII, Bldg. Constr. Agreement – Local Union No. 602, ¶72.

Accordingly, Defendant has failed to raise a genuine issue of material fact so as to contest the "final and binding" authority of the JCBs to issue enforceable awards. In the absence of a legal infirmity, this Court must order the enforcement of each award.

### D. **Defendant's Concerns Should Have Been Raised in a Motion to Vacate, but are Now Barred.**

Defendant contends the grievance procedures to which it agreed, were not properly followed. Def.'s Opp'n 19. Specifically, it notes that: 1) the grievances were not timely submitted to the JCBs; 2) Defendant did not receive fair notice of the proceeding; 3) employees not covered by the CBAs were included; and, 4) the JCBs were not impartial. As stated elsewhere, Defendant claims that the JCBs are not impartial because: there "are no members appointed by the Employer that would be incentive (sic) to be partial to a non-member who was signatory to a letter of assent" (SOMF ¶ 34); the JCBs did not follow the required procedures (SOMF ¶ 35, 36, 37); and, benefits were awarded to employees not covered by the applicable CBAs (SOMF ¶ 38, 39, 40, 41). Defendant notes that when CBAs are not followed, the federal court should vacate any award and perform a de novo review.

The awards by the JCBs were issued on July 24, 2012. Defendant's request to "vacate the Joint Committee Board Decisions" appears by way of its opposition to Plaintiffs Motion, which Defendant filed on May 6, 2013.

The starting point for this Court's consideration of Defendant's motion to vacate, is International Longshoremen's Ass'n v. Cataneo Inc., 990 F. 2d 794 (4th Cir. 1993). Cataneo determined that Maryland's thirty day statute of limitations was applicable to any motion to vacate an arbitration award. This is because the Labor Management Relations Act provides no limitations period, so the courts look for analogous statutes to determine the period. Id. at 799.

Moreover, Cataneo found that a six month limitations period is only applicable when there is a "hybrid" action involving claims of unfair representation, which are not present here. See also, Sheet Metal Workers Int'l Ass'n v. Power City Plumbing & Heating, Inc., 934 F.2d 557, 558 (4th Cir. 1991).

This federal circuit has adopted the rationale of the Second Circuit, in ruling that "an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm." Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986). The Cataneo court also ruled that the non-prevailing party could not "sit back with impunity until faced with a motion in federal court and assert a defense that it could have raised in the grievance proceeding or in a motion to vacate." Cataneo, at 800. This is precisely what has occurred here. By either the Maryland standard, or the "hybrid" standard, Defendant's delayed request misses the mark. Any rationale for vacating the awards was lost by every conceivable measure by January 25, 2013. The request to vacate the awards, filed on May 6, 2013, simply comes too late.

A motion to vacate is available for a laundry list of issues. Assuming the applicability of the Federal Arbitration Act ("FAA"), the failure to file a timely motion to vacate results in a waiver of claims based on corruption, fraud, undue means, evident partiality or corruption of the decision makers, misconduct in refusing to grant a postponement or of hearing material evidence, misbehavior resulting in the rights of a party being prejudiced, or acting beyond the powers granted by the agreements. 9 U.S.C. § 10; Accord Consolidated Coal Co. v. Local 1643, United Mine Workers of America, 48 F.3d 125, 128-29 (4th Cir. 1995). More generally, common law permits an award to be set aside where it "fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." Patten v. Signator Ins.

Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006). Such an event occurs when the decision makers ignore the unambiguous language of a contract, and instead base their decisions on their own personal notions of right or wrong. Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., 519 F.3d 200, 207 (4th Cir. 2008). Whether under the FAA or common law, the party seeking to vacate an award must sustain a "heavy burden." Three S Delaware, Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007).

With these factors in mind, it is evident that Defendant has waived many of its claims with its untimely request to vacate. Claims regarding the bias and/or partiality of the JCBs, alleged irregularities of the proceedings, the lack of fair notice, and untimeliness are all waived due to Defendant's lack of seeking to vacate the awards in a timely manner.

     **E.**     **Plaintiffs Prevail as Defendant Fails to Suggest the the JCBs Acted in "Utter Disregard" of the Law.**

Great deference is given to awards made under proceedings like those at issue here. Whether a reviewing court might reach a different outcome, or believe that the arbitrator or earlier decision makers reached the wrong result is of no moment, as the Court is obligated to enforce the award unless the decision was reached in utter disregard of the law. Upshur Coals Corp. v. United Mine Workers of America, Dist. 31, 933 F.2d 225, 229 (4th Cir. 1991). An award is enforceable even if it "resulted from a misinterpretation of the law, faulty legal reasoning or erroneous legal conclusion." Id., (quoting George Day Constr. Co. v. United Bros. of Carpenters Local 354, 722 F.2d 1471, 1479 (9th Cir. 1984))

An award may only be reversed "when arbitrators understand and correctly state the law, but proceed to disregard the same." Id., (quoting San Martine Compania de Navegacion, S.A. v. Saguenay Terminals Ltd., 293 F.2d 796 (9th Cir. 1961)). As stated another way,

> the scope of judicial review for an arbitrator's decision is among
> the narrowest known at law because to allow full scrutiny of such
> awards would frustrate the purpose of having arbitration at all –
> the quick resolution of disputes and the avoidance of the expense
> and delay associated with litigation.

Three S Delaware, Inc., at 527, (citation and internal quotation marks omitted). The reviewing court is not permitted to determine if the arbitration was performed well, correctly or reasonably, but merely whether it was performed as directed by the procedural agreement. Id., (quoting Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994)). With this standard in mind, Defendant's position is significantly weak.

Defendant's arguments, when distilled to their essence, are mere disagreements with the factual record and legal conclusions reached by the JCBs. Given the degree of deference the JCBs are entitled, such arguments are insufficient. As set forth in Plaintiffs' Reply, Defendant agreed to the present method of dispute resolution, agreed it would be binding, and it is not the place of the courts to reweigh the merits of the dispute. General Drivers, at 519. Defendant's reliance upon Merryman Excavation, Inc. v. Int'l Union of Operating Engineers, Local 150, 639 F.3d 286 (7th Cir. 2011) is supportive of this view.

In the absence of some suggestion that the awards were the result of the JCBs "understand[ing] and correctly stat[ing] the law, but proceed[ing] to disregard the same," this Court cannot reverse the awards. Upshur Coals, at 229. As the proffered need for discovery relates merely to other legal disagreements - - and not to the question of flagrant decisions by the JCBs to disregard the law despite a correct acknowledgement of its requirements - - further discovery would be futile and a waste of resources. To permit otherwise, would "frustrate the purpose of having arbitration at all – the quick resolution of disputes and the avoidance of the

expense and delay associated with litigation." Three S Delaware, Inc., at 527. As stated repeatedly by Plaintiffs in their Reply Memorandum, the issues Defendant complains of are simply not matters for this Court, but are matters that were reserved to the JCBs by the agreement of the parties.

### III. Conclusion

For the above-cited reasons, the Court grants Plaintiffs' Motion for Summary Judgment and concludes that awards should be enforced. The Court will enter a separate Order consistent with this opinion.


November 8, 2013                                         /s/
                                         Charles B. Day
                                         United States Magistrate Judge


CBD/bab