IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| PLUMBERS LOCAL UNION NO. 5 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES & CANADA, AFL-CIO, et al., | |
| Plaintiffs, | Civil Action No. CBD-12- 3481 |
| v. | |
| CONDITIONED AIR SYSTEMS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION

Before this Court is Plaintiffs' Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court for Failure to Comply with the Court's Order of November 8, 2013 ("Motion to Show Cause") and for an Order Compelling Discovery ("Motion to Compel") (collectively the "Motions") (ECF No. 43). The Court has reviewed the Motions, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion to Compel, and finds the Motion to Show Cause MOOT.

I.  **Background**

Plumbers Local Union No. 5 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States & Canada, AFL-CIO and Steamfitters Local Union No. 602 of the United Association of Journeymen and Apprentices of

the Plumbing and Pipefitting Industry of the United States & Canada, AFL-CIO (collectively "Plaintiffs") brought an action against Conditioned Air Systems, Inc. ("Defendant") in order to enforce two final grievance determinations issued by their respective Joint Conference Boards pursuant to Plaintiffs' collective bargaining agreement.  On November 8, 2013, the Court granted Plaintiffs' Motion for Summary Judgment and ordered Defendant to "pay wages to former employees as set forth in the awards," which total $32,737.92 in wages due to thirteen employees.  Plaintiffs allege they have not received full payment, and request that the Court order Defendant to show cause why it should not be held in contempt for failure to adhere to the Court Order.

In addition, in response to Defendant's claim that they do not have the ability to pay the outstanding awards, Plaintiffs have issued requests for the production of the documents that would prove Defendant's ability or inability to pay, including information regarding assets, bank records, jobs, contracts, payment sheets, employee wages and employee tax records.  Defendant admits receipt of the discovery request, but argues that it need not respond because Plaintiffs failed to serve Defendant with the motion in accordance with the requirements of Local Rule 104.8 or, in the alternative, that Defendant's responses to Plaintiffs' requests were sufficient.

**II.     Discussion**

At the outset, it bears emphasis that Plaintiffs have already won a judgment in their favor, and Defendant is required to pay that judgment.  This Court views discovery as a means of facilitating the execution that judgment.  Under the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where

the court is located." Fed. R. Civ. P. 69(a)(2).  Plaintiffs' discovery request is made to aid in the execution of this Court's judgment, and the Federal and Local Rules thus apply.

Plaintiff additionally has filed a Motion to Show Cause.  Whether Defendant should be held in contempt for failing to pay the awards hinges on whether, as Defendant claims, it does not have the ability to pay the awards at this time.  The information asked for in Plaintiffs' discovery requests, and referenced in their Motion to Compel, would provide clarification, and thus the Motion to Compel will be reviewed first.

### A.     Motion to Compel

The first question is whether Plaintiffs made a proper motion to compel discovery under Local Rule 104.8.  As this court has previously explained, Local Rule 104.8 "requires that the parties exchange their motion to compel, opposition memorandum, and any reply and then discuss the dispute *before* filing the papers with the Court."  *Coogan v. Cornet Transp. Co., Inc.*, 199 F.R.D. 166 (D. Md. 2001) (emphasis in original).  However, the rule exempts from these procedures "requests for production . . . where no responses at all have been served."  Local Rule 104.8.  Under the Federal Rules, "[t]he party to whom [a discovery] request is directed must respond *in writing* within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A) (emphasis added).  Thus, where the responding party has not made a written response to a discovery request within 30 days, the moving party need not serve a motion to compel before filing its motion with the court.  Local Rule 104.8; Fed. R. Civ. P. 34(b)(2)(A).  Defendant has not responded in writing to Plaintiffs' discovery requests.  As such Plaintiffs' Motion to Compel is proper.

Defendant received Plaintiffs' discovery request on or around February 7, 2014.  Defendant contends that it responded orally to many of these requests at a National Labor Relations Board conference that occurred before the filing of the Motions, informing Plaintiffs

that some of the requested items were no longer in Defendant's possession. These statements by Defendant do not constitute a proper response to a discovery request. Defendant's responses were not in writing, and they did not object to, agree to, or offer a good faith alternative to Plaintiffs' requested discovery. Defendant's replies were thus inadequate, and Defendant's Motion to Compel is granted to facilitate the execution of the prior judgment.

### B. Motion for an Order to Show Cause Why Defendant Should Not be Held in Contempt

In order to determine whether Defendant should be held in contempt for its failure to pay the mandated award, this Court must first assess whether Defendant has the ability to pay and what steps it has taken to pay. Absent the documents requested by Plaintiffs' Motion to Compel, this Court cannot make that determination. The Court thus finds the Motion to Show Cause moot until Defendant's ability to comply with the Court's Order regarding the Motion to Compel is addressed.

### III. Conclusion

For the foregoing reasons, the Court GRANTS the Motion to Compel and finds the Motion to Show Cause MOOT.

September 16, 2014                                   /s/
                                                     Charles B. Day
                                                     United States Magistrate Judge

CBD/slr/ccj/sdh